**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

JOSEPH V. CALDARERA                                                                    **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 5:12CV67-KS-MTP**

**TENNESSEE LOG & TIMBER HOMES, INC.
and TIMBER TECH, INC.**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendant Timber Tech, Inc.'s ("Timber

Tech") Motion for Judgment on the Pleadings [29] and Motion to Strike Affidavit of

Burton Webb [39].  Having considered the submissions of the parties, the record and

the applicable law, the Court finds that both motions should be granted in part and

denied in part.

**BACKGROUND**

In January of 2010, Plaintiff Joseph V. Caldarera contracted with Tennessee Log

& Timber Homes, Inc. ("Tennessee Log") to supply materials, including wooden logs, for

the construction of a log home that he was building near Woodville, Mississippi.

Tennessee Log, pursuant to an existing contract with Timber Tech,[1] subsequently

ordered certain logs from Timber Tech to be used in the construction of Plaintiff's home.

Tennessee Log provided Timber Tech with design specifications for the logs regarding

their specific lengths and corner configurations.  After Timber Tech processed and

fabricated the logs, Tennessee Log arranged for their transportation from Timber Tech's

facility to the Plaintiff's home site.  Plaintiff contends that he discovered the logs had

---

[1] (*See* Supply Agreement [29-3].)

been improperly cut and could not be used when they arrived on site.

On May 10, 2012, Plaintiff filed suit against Tennessee Log in this Court. (*See* Compl. [1].)  Subject matter jurisdiction is predicated on diversity of citizenship between the Plaintiff (a citizen of Louisiana) and Tennessee Log (a citizen of Tennessee) under Title 28 U.S.C. § 1332.  On July 20, 2012, the Plaintiff filed his Supplemental, Amended and Restated Complaint ("Amended Complaint"), adding Timber Tech (also a citizen of Tennessee) to the litigation.  (*See* Am. Compl. [4].)  The Amended Complaint alleges that "Tennessee Log and Timber Tech breached their contract and/or were negligent in failing to properly cut the logs in question."  (Am. Compl. [4] at ¶ 9.)  Plaintiff seeks various damages, including the cost of the logs and the cost to construct the foundation of the proposed log home, as relief.

On July 15, 2013, Timber Tech filed its Motion for Judgment on the Pleadings [29].  Despite its title, this motion seeks summary judgment pursuant to Federal Rule of Civil Procedure 56.  On September 17, 2013, Timber Tech filed its Motion to Strike Affidavit of Burton Webb ("Motion to Strike") [39].  Burton Webb's affidavit is an exhibit to Plaintiff's Opposition to Motion for Summary Judgment [35].  (*See* Webb. Aff. [35-2].)  The subject motions have been fully briefed and the Court is ready to rule.

## DISCUSSION

### I.    Motion to Strike [39]

Burton Webb is the owner of Tennessee Log.  (*See* Webb Aff. [35-2] at ¶ 2.)  Webb's affidavit states, *inter alia*, that the Plaintiff sent him pictures of the logs and he "could tell from the pictures the log corners were improperly cut . . . ."  (Webb Aff. [35-2] at ¶¶ 9-10.)  The Plaintiff relies on Webb's affidavit in support of his argument that

Timber Tech "breached its duty to properly cut the logs" and summary judgment for Timber Tech should be denied.  (Opp. to Mot. for SJ [35] at pp. 2, 4.)  Timber Tech requests that Webb's affidavit be stricken on the grounds addressed below.

### A.    Untimeliness

Timber Tech argues that Webb's affidavit is untimely because it references documents, photos, conversations and communications that were not produced prior to the discovery deadline of July 1, 2013.  Timber Tech also contends that the affidavit is time-barred because it was submitted subsequent to the due date for Plaintiff's opposition to the motion for summary judgment.  The Court finds that neither of these arguments warrants the striking of Webb's affidavit.

The Plaintiff asserts that all of the documents referenced in Webb's affidavit were produced prior to the discovery deadline except for the agreement between Timber Tech and Tennessee Log, which was not in his possession.  Also of note, Webb was identified in Plaintiff's interrogatory responses as an individual having knowledge of the allegations of the Complaint; as someone the Plaintiff communicated with regarding the logs being improperly cut; and, as an individual who supported Plaintiff's allegations that the logs were improperly cut.  (*See* Doc. No. [35-1 at ECF pp. 3, 5, 6].)  Plaintiff's interrogatory responses were served prior to the close of discovery.  Thus, Timber Tech was provided with sufficient information regarding Webb prior to the discovery deadline for it to reasonably anticipate that he might have something negative to say about the manner in which the subject logs were cut.  Furthermore, it does not appear that the Plaintiff engaged in any conduct that precluded Timber Tech from going to Webb or Tennessee Log's counsel for information regarding any communications between Webb

and any other individual potentially having knowledge of relevant facts.

Plaintiff's Opposition to Motion for Summary Judgment [35] was not timely filed under the deadline established by the Court's Local Uniform Civil Rules.  However, it was filed within the subsequent deadline set by the Court for the Plaintiff to "offer justification for the denial of the [summary judgment] motion . . . ."  (Order to Show Cause [34].)  Further, the Court has excused Plaintiff's delay in opposing summary judgment pursuant to its "broad discretion to grant or deny an extension"[2] under the Federal Rules of Civil Procedure.  (*See* Order [48].)  Since the Webb Affidavit [35-2] was filed in conjunction with Plaintiff's opposition, no time bar precludes its consideration.

### B.    Federal Rule of Civil Procedure 56(c)(4)

Timber Tech asserts that the Webb Affidavit [35-2] should be stricken because it "contains inadmissible hearsay, unreliable statements, and statements lacking personal knowledge."  (Mem. in Supp. of Mot. to Strike [40] at p. 3.)  This argument implicates Federal Rule of Civil Procedure 56(c)(4), which provides that an affidavit "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  It is well-recognized that a motion to strike should point out the objectionable portions of an affidavit, and that a motion solely raising a general challenge to an affidavit is ineffective.  *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (3d ed.) (citations omitted).  Moreover, the Fifth Circuit

---

[2] *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (citation omitted).

has held that "the district court should disregard only those portions of an affidavit that are inadequate and consider the rest." *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 531 (5th Cir. 1992) (citing *Lee v. Nat'l Life Assurance Co.*, 632 F.2d 524, 529 (5th Cir. 1980)). Thus, the Court will only consider Timber Tech's specific objections to paragraphs 9 and 10 of Burton Webb's affidavit, and disregard its generalized argument that the affidavit be stricken as a whole.[3]

Paragraphs 9 and 10 of the Webb Affidavit [35-2] state as follows:

9.     As the logs were being installed, I received calls from Mr. Caldarera and the foreman of the crew that was to install them telling me the log corners were improperly cut, and Mr. Caldarera sent me photos of such.

10.     I could tell from the pictures the log corners were improperly cut, a fact verified by the installation crew's chief with whom I had worked with for years before and trusted.

Timber Tech objects to these statements on the bases that they contain hearsay and are not made on Burton Webb's personal knowledge.

As to the issue of hearsay, Plaintiff counters that Webb's descriptions of communications with others are not offered to prove the truth of the matter asserted, but rather, "are included to explain how Mr. Webb first learned of the problems with the logs Timber Tech cut and supplied.  As such, they are not hearsay."  (Opp. to Mot. to Strike [46] at pp. 3-4.)  The Court finds Plaintiff's position well taken as to paragraph 9, but not

---

[3] The Court will also not analyze Timber Tech's specific objections to paragraphs 12-15 of Webb's affidavit.  These objections were raised for the first time in Timber Tech's Reply [49] brief.  *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) ("This Court does not entertain arguments raised for the first time in a reply brief.") (citation omitted).  Furthermore, paragraphs 12-15 are not pertinent to the Court's determination of Timber Tech's request for summary judgment.

paragraph 10.  Out of court statements offered for context or background purposes fall outside the scope of inadmissible hearsay.  *See, e.g.*, *United States v. Neuman*, 406 Fed. Appx. 847, 850 (5th Cir. 2010) (affirming the trial court's admission of e-mails that provided context for subsequent evidence); *United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009) ("Out-of-court statements offered for another purpose, e.g., providing background information to explain the actions of investigators, are not hearsay."); *United States v. Cheramie*, 51 F.3d 538, 541 (5th Cir. 1995) (finding no error in the district court's admission of an audio tape since the court instructed the jury to consider a witness's statements on the tape only as providing context for the defendant's statements).

The communications attributed to the Plaintiff and the crew foreman in paragraph 9 of Webb's affidavit explain why Webb viewed pictures of the logs, as described in paragraph 10.  However, Webb's reference to the crew foreman's verification in paragraph 10 can only be viewed by the Court as an impermissible attempt at proving, i.e., verifying, the truth of the matter asserted–that the logs were improperly cut. Therefore, the portion of paragraph 10 beginning with the terms "a fact verified" will be disregarded by the Court in its consideration of Timber Tech's summary judgment motion.

Timber Tech's lack of personal knowledge argument with respect to paragraph 9 and the remaining portion of paragraph 10 is rejected.  Rule 56 clearly requires that affidavits supporting or opposing summary judgment be based on personal knowledge. However, an affidavit need not contain any "magic words" to satisfy this requirement and personal knowledge may be inferred based on an affiant's position in a company.

-6-

*DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) ("Here, it is reasonably within Whalen's position-what one court has called his 'sphere of responsibility'-as a Senior Director of Signal Integrity for DTV to be familiar with the . . . investigation as described in his affidavit.") (citations omitted); *see also Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (noting that "personal knowledge does not necessarily mean contemporaneous knowledge", and finding that an affiant's management position was a sufficient basis for inferring his personal knowledge of certain stated facts) (citation omitted).

Webb's affidavit contains the following preliminary information relevant to the subject issue of personal knowledge:  (a) he is the owner of Tennessee Log; (b) Tennessee Log sold a log home package to the Plaintiff in 2010; (c) Tennessee Log ordered the logs for Plaintiff's home from Timber Tech pursuant to an existing contract; (d) the "logs were to be milled and pre-cut by Timber Tech in specific lengths and corner configuration as specified in a manufacturing cut sheet"; and (e) Timber Tech cut the logs for Plaintiff's home.  (Webb Aff. [35-2] at ¶¶ 2, 4-7.)  Timber Tech does not challenge the accuracy of this information, or the fact that Webb became personally involved in the dispute upon the Plaintiff calling and complaining that the logs were improperly cut.  Therefore, Webb's "'personal knowledge and competence to testify are reasonably inferred from . . . [his] position[] and the nature of . . . [his] participation in the matters to which . . . [he] swore.'"  *Albright v. IBM Lender Bus. Process Servs., Inc.*, No. 4:11cv1045, 2013 WL 1089053, at *1 (S.D. Tex. Mar. 14, 2013) (quoting *DIRECTV, Inc.*, 420 F.3d at 530).

### C.    Webb's Affidavit Contains Impermissible Expert Opinions

Timber Tech further objects to paragraphs 9 and 10 of the Webb Affidavit [35-2] on the basis that they encompass expert witness testimony that was not timely or adequately disclosed by the Plaintiff.  The Plaintiff argues that Webb's statements constitute first-hand observations of photographs that are admissible under Federal Rule of Evidence 701, governing opinion testimony by lay witnesses.

Plaintiff's interrogatory responses adequately identify Burton Webb as a potential fact witness.  However, the Plaintiff failed to identify Webb as an expert witness or disclose any expected expert testimony from Webb prior to his expert witness designation deadline or at any other time.  Absent a finding of just cause, a party's failure to make full expert disclosures by its "expert designation deadline is grounds for prohibiting introduction of that evidence at trial."  L.U.Civ.R. 26(a)(2); *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").  Therefore, the admissibility of Webb's statement that he "could tell from the pictures the log corners were improperly cut" for summary judgment purposes turns on whether it constitutes lay witness testimony under Rule 701 or expert testimony under Rule 702.  (Webb Aff. [35-2] at ¶ 10.)[4]

Rule 701 provides that:

---

[4] Timber Tech also argues that the opinion of the "unidentified crew chief" referenced in the Webb Affidavit [35-2] constitutes inadequately disclosed expert witness testimony.  (Mem. in Supp. of Mot. to Strike [40] at p. 4.)  It is unnecessary to rule on this contention.  The statements attributed to "the foreman of the crew" and "installation crew's chief" in paragraphs 9 and 10 of Webb's affidavit do not weigh on the Court's summary judgment ruling.

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  The parties' dispute lies in the application of subsection (c) of the Rule.  This subsection was added in 2000.  The advisory committee notes to the amendment explain that Rule 701 was amended to eliminate the risk of a party evading the reliability requirements of Rule 702 and the disclosure requirements of Federal Rule of Civil Procedure 26 by simply characterizing an expert witness as a layperson.  Fed. R. Evid. 701 advisory committee's note.  The amendment was not intended to affect the admission of evidence contemplated by the adoption of Rule 701, such as "the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences."  *Id.*  "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field."  *United States v. Ebron*, 683 F.3d 105, 136-37 (5th Cir. 2012) (citation and internal quotation marks omitted).  "'[A] lay opinion must be the product of reasoning processes familiar to the average person in everyday life.'"  *United States v. Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)).  Any part

of a witness's opinion that relies upon "scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701." *Id.*

It would certainly appear that Burton Webb has more experience and knowledge than the average person with respect to the materials that make up a log home since he owns a company that "designed, procured material for and distributed materials for log homes." (Webb. Aff. [35-2] at ¶¶ 2-3.) Yet, an individual's familiarity with a particular subject does not necessarily foreclose his ability to testify as a layperson regarding that matter. *See Ebron*, 683 F.3d at 138 (holding that the testimony of prison officials regarding inmate behavior was properly admitted under Rule 701 since the testimony was based on the officials' "past experiences formed from firsthand observation"); *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010) ("Rule 701 does not exclude testimony by corporate officers or business owners on matters that relate to their business affairs, such as industry practices and pricing.") (citation omitted); *Boles v. Nat'l Heritage Realty, Inc.*, No. 4:07cv99, 2010 WL 3211039, at *3 (N.D. Miss. Aug. 13, 2010) (deeming a nursing home employee's testimony that she was unable to provide proper care to a patient due to inadequate staffing to be an admissible lay "opinion based on 'common sense or . . . past experience formed from firsthand observation'") (quoting S*osa*, 513 F.3d at 200).

Furthermore, Webb's review of photographs in determining that "the log corners were improperly cut" does not shut the door on the determination being considered under Rule 701. (Webb Aff. [35-2] at ¶ 10.) It appears that Webb, as Tennessee Log's owner, viewed the pictures during the course of the company's business dealings with

the Plaintiff;[5] and, testimony regarding "the appearance of . . . things" is a "prototypical example[] of the type of evidence contemplated by the adoption of Rule 701".  Fed. R. Evid. 701 advisory committee's note; *cf. Ebron*, 683 F.3d at 137 (classifying a witness's testimony regarding his review of surveillance camera footage as lay opinion testimony).

Ultimately, the Court finds that Burton Webb's opinion concerning the appearance of the log corners results more from reasoning processes familiar in everyday life than from any expert methodology.  Webb, having knowledge of the correct specifications for the logs pursuant to Tennessee Log's agreement with the Plaintiff, viewed pictures of the logs after they were processed by Timber Tech and determined that the log corners were improperly cut, i.e., not cut to specification.  The Court finds it reasonable to presume that the average person ordering a particular product of a certain shape or size could view the finished product and determine whether it has been produced pursuant to his or her specifications.  For example, is a consumer that ordered a white, four feet by five feet kitchen countertop offering an expert opinion when he complains because the countertop delivered to his home is red and three feet by six feet?  Of course not.  Further, the Plaintiff's position is that the logs could not be properly fitted together,[6] and, by analogy, an expert opinion is unnecessary to establish that a square peg will not fit into a round hole.  Consequently, Burton Webb's statement that he "could tell from the pictures the log corners were improperly

---

[5] *Cf. Valencia*, 600 F.3d at 416 (finding that an individual was properly characterized as a lay witness; even though the witness analyzed a significant amount of data, his testimony related to his former employment duties).

[6] (*See* Pl.'s Resp. to Interr. No. 6 [35-1 at ECF pp. 4-5].)

cut" will not be excluded from the Court's consideration on the basis that it falls outside the scope of Rule 701(c).  (Webb Aff. [35-2] at ¶ 10.)

In sum, the Court will disregard the portion of paragraph 10 of Webb's affidavit beginning with the terms "a fact verified".  This section contains inadmissible hearsay and thus fails to comport with Federal Rule of Civil Procedure 56(c)(4).  Timber Tech's request that the affidavit of Burton Webb be stricken is otherwise denied.

## II.    Motion for Judgment on the Pleadings [29]

### A.    Standard of Review

As noted above, this motion actually requests summary judgment pursuant to Federal Rule of Civil Procedure 56.  Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Initially, the movant has "the burden of demonstrating the absence of a genuine issue of material fact."  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  If the movant meets this burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial. *Id.*  "'An issue is material if its resolution could affect the outcome of the action.'"  *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp.*, 477 U.S. at 322), *cert. denied*, 132 S. Ct. 2103 (2012).

B.      **Analysis**

1.      **Breach of Contract**

A plaintiff must prove the following essential elements in order to prevail on a breach of contract claim:  (1) the existence of a valid and binding contract; and (2) that the defendant has broken or breached the contract.  *Bus. Commc'ns, Inc. v. Banks*, 90

So. 3d 1221, 1224-25 (¶¶ 10-11) (Miss. 2012).[7]  The Plaintiff has admitted that he had

no oral or written contract with Timber Tech regarding the subject of this action.  (*See*

Pl.'s Resps. to Req. for Admiss. Nos. 3 & 4 [29-5] at p. 2.)  Accordingly, there could be

no breach of contract and summary judgment in favor of Timber Tech is due on this

cause of action.

### 2.    Negligence

"The four elements of negligence include (1) duty, (2) breach of duty, (3)

causation, and (4) damages."  *Fisher v. Deer*, 942 So. 2d 217, 219 (¶ 6) (Miss. Ct. App.

2006) (citing *Couch v. City of D'Iberville*, 656 So. 2d 146, 150 (Miss. 1995)).  Timber

Tech argues that the Plaintiff has failed to adduce sufficient evidence on the essential

elements of duty and breach of duty.  The Plaintiff argues otherwise.  The Court finds

that the Plaintiff has met his burden in opposing summary judgment on these issues.

### a.    Duty

The absence of a binding contract between the Plaintiff and Timber Tech does

not negate the existence of a legal duty.  In 1976, the Mississippi Legislature abolished

the privity requirement in suits alleging negligence and other causes of action.  "In all

causes of action for personal injury or property damage or economic loss brought on

account of negligence, strict liability or breach of warranty, including actions brought

under the provisions of the Uniform Commercial Code, privity shall not be a requirement

to maintain said action."  Miss. Code Ann. § 11-7-20.  In 1983, the Mississippi Supreme

---

[7] The Court applies the substantive law of Mississippi since federal jurisdiction is
founded on diversity of citizenship and neither party argues for the application of any
other state's law.  *See Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238, 241 (5th Cir.
1990).

Court reviewed this statute and found that the Legislature's intent was "to remove the privity requirement in all cases." *Keyes v. Guy Bailey Homes, Inc.*, 439 So. 2d 670, 673 (Miss. 1983) (reversing the trial court's dismissal of negligence and breach of implied warranty claims asserted against a home builder by the second purchaser of a home); *see also May v. Ralph L. Dickerson Constr. Corp.*, 560 So. 2d 729, 730-31 (Miss. 1990) (reversing the trial court's grant of summary judgment in favor of a builder in a suit alleging negligent construction and breach of implied warranties brought by subsequent purchasers of an office building).  Further, the Fifth Circuit has examined Mississippi law and found that a duty to act reasonably toward another may arise by virtue of some undertaking regardless of the existence of a legal contract.  "[C]ontracts are not the only way in which the law imposes a duty of a care.  Whenever a person does some act, the law imposes a duty upon that person to take reasonable care in performing that act." *River Prod. Co. v. Baker Hughes Prod. Tools, Inc.*, 98 F.3d 857, 859 (5th Cir. 1996) (citing *Dr. Pepper Bottling Co. of Miss. v. Bruner*, 245 Miss. 276, 148 So. 2d 199, 201 (Miss. 1962)); *see also George B. Gilmore Co. v. Garrett*, 582 So. 2d 387, 391 (Miss. 1991) (A duty of care may arise by operation "of the basic rule of the common law which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to endanger the person or property of others.") (citing *Pinnix v. Toomey*, 242 N.C. 358, 87 S.E.2d 893, 897-98 (N.C. 1955)).

The question remains, however, what duty, if any, did Timber Tech owe the Plaintiff in this case.  The Mississippi Supreme Court's decision in *George B. Gilmore Co. v. Garrett* is instructive.  There, a builder was sued by the second owners of a home

for negligent construction.  *Garrett*, 582 So. 2d at 388-89.  The jury returned a verdict for

the plaintiffs in the amount of $13,000.  *Id.* at 390.  The Mississippi Supreme Court

affirmed on the issue of liability, but reversed and remanded on the issue of damages.

*Id.* at 396, 397.  The court provided the following salient points of law in examining the

builder's duty:

> Where a person contracts to do certain work he is charged with the
> *common-law duty* of exercising *reasonable care and skill* in the performance
> of the work required to be done by the contract, and the parties may not
> substitute a contractual standard for this obligation.
>
> Accompanying every contract is a common law duty to perform with
> care, skill and reasonable experience, and a negligent failure to observe any
> of these conditions is a tort as well as a breach of contract.
>
> . . . .
>
> If the product sold or service rendered is less than the customer or client *is
> fairly and reasonably* entitled to expect under *current and existing states of
> skill, knowledge and technology*, our courts will afford relief.

*Id.* at 391, 392 (citation omitted).  The Court also rejected the builder's argument that his

compliance with designated plans, specifications and guidelines for the construction of

the home precluded the plaintiffs' recovery.  "Neither should plans and specifications

which clearly do not take into account a construction problem of which the

builder/contractor, the man with expertise should be well aware, remove from him all

duty to warn.  In such case the plans and specifications should not constitute an

absolute defense."  *Id.* at 396.

   The Mississippi Supreme Court's opinion in *Magnolia Construction Company v.

Mississippi Gulf South Engineers, Inc.*, 518 So. 2d 1194 (Miss. 1988), is also relevant to

the determination of the duty owed in this case.  There, the Mississippi Supreme Court

reversed the trial court's grant of summary judgment in favor of a defendant engineering company (the "engineer") on negligence allegations brought by a plaintiff contractor.  *Id.* at 1195-96, 1204.  The contractor alleged that the engineer's negligence caused it to spend $350,000, correcting construction work on a sewer project for the City of Hattiesburg.  *Id.* at 1196.  The Mississippi Supreme Court found the key issue on this claim to be what legal duty the engineer owed the contractor, taking into account the fact that no contract existed between these two parties.  *Id.* at 1201.  In resolving that issue, the court provided that Mississippi law imposes on design professionals "the duty to exercise ordinary professional skill and diligence", and "allows third parties to rely on a design professional's contractual obligation to the owner."  *Id.* at 1202 (citations and internal quotation marks omitted).  The court also took note of the following principle: "By entering into a contract with A [the City of Hattiesburg], the defendant [the engineer] may place himself in such a relation to B [the contractor] that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that B will not be injured."  *Id.* (citing *Prosser and Keeton on Torts*, § 93 (W. Page Keeton, 5th ed. 1984)).

It is undisputed in this case that a contract existed between Timber Tech and Tennessee Log, (*see* Supply Agreement [29-3]), and that "Timber Tech processed and fabricated . . . wood products as specified by Tennessee Log" pursuant to the contract. (Jones Aff. [29-4] at ¶ 4.)[8]  It is also uncontroverted that Timber Tech, pursuant to its contractual relationship with Tennessee Log, processed and fabricated certain logs that

---

[8] Mike Jones is the President of Timber Tech.  (*See* Jones Aff. [29-4] at ¶ 3.) Timber Tech submitted his affidavit in support of its summary judgment motion.

were to be used by the Plaintiff in the construction of his log home.  (*See* Jones Aff. [29-4] at ¶¶ 5-8.)  Thus, under *Magnolia Construction*, Timber Tech had a duty to carry out its contractual obligations in a manner that would "not cause foreseeable injury to a third party", the Plaintiff.  *Rifenburg Constr., Inc. v. Hatch Mott McDonald, LLC*, No. 3:12cv813, 2013 WL 5205412, at *5 (S.D. Miss. Sept. 13, 2013) (applying the rule from *Magnolia Construction*).  Stated differently, Timber Tech had a common-law duty, enforceable by the Plaintiff,[9] "to perform with care, skill and reasonable experience" its processing and fabricating of the subject logs.  *Garrett*, 582 So. 2d at 391.

Timber Tech's citation to the Mississippi Supreme Court's decision in *Moss v. Batesville Casket Co.*, 935 So. 2d 393 (Miss. 2006), does not mandate summary judgment in its favor.  In *Moss*, the plaintiffs failed to establish what duty a funeral home and casket manufacturer owed in connection with the manufacture and sale of a wooden casket.  *See* 935 So. 2d at 395-96 (¶ 6), 407 (¶ 49).  Here, the Plaintiff's position is that the logs should have been cut so that they fit together without irregular gaps at the corners.  (*See* Pl.'s Resp. to Interr. No. 6 [35-1 at ECF pp. 4-5].)  This position implicates the legally enforceable duties identified by the Mississippi Supreme Court in *Garrett* and *Magnolia Construction*.

### b.    Breach of Duty

Plaintiff's interrogatory responses provide the following information regarding his contention that the logs were not cut to the proper specifications:

The logs were not cut to fit.  This was obvious when the first dovetail corner

---

[9] *See* Miss. Code Ann. § 11-7-20; *May*, 560 So. 2d at 730-31; *Keyes*, 439 So. 2d at 673.

was placed.  That process involves placement of corresponding base logs onto the subfloor deck.  The subfloor deck was precisely level; therefore, if the logs were cut correctly there would have been a proper fit (*i.e.*, no irregular gap at the dovetail joinery).  Instead, when an attempt to fit and erect the first corner was made, the logs did not fall into place and, in fact, had a gap that went from approximately 3/8" to nothing.  Once this was observed it was thought that perhaps the logs for this corner were mistakenly cut.  We then proceeded to attempt placement of another corner, but the same improper fit resulted.  The same effort was made several times with no differing result.  The error was relatively consistently off, thereby suggesting that the setting for the dovetail corner was systemic error.

(Pl.'s Resp. to Interr. No. 6 [35-1 at ECF pp. 4-5].)  As noted above, Burton Webb's affidavit states that the Plaintiff sent him pictures of the logs and he "could tell from the pictures the log corners were improperly cut . . . ."  (Webb Aff. [35-2] at ¶¶ 9-10.)  The Court finds that these materials (considered separately or in conjunction), viewed in the light most favorable to the Plaintiff, raise genuine issues for trial as to Timber Tech's alleged breach of duty in processing and fabricating the subject logs.

No requisite showing has been made that the Plaintiff lacks sufficient evidence on the other essential elements of negligence claim, causation and damages, to avoid summary judgment.  *See* Fed. R. Civ. P. 56(c)(1)(B) (requiring a party seeking summary judgment on the basis that a fact cannot be genuinely disputed due to the absence of proof to show "that an adverse party cannot produce admissible evidence to support the fact"); *John v. Louisiana (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985) (providing that summary judgment must be denied if the moving party fails to show the absence of a genuine issue of material fact–even if the nonmovant does not respond to the motion) (citations omitted).  Accordingly, Timber Tech's request for summary judgment on Plaintiff's negligence allegation will be denied.

### 3.    Additional Allegations

-19-

In opposing summary judgment, Plaintiff posits that Timber Tech owed him an implied warranty and that he has a "right of action for negligence, strict liability and breach of implied warranty . . . ." (Opp. to Mot. for SJ [35] at p. 3.) Timber Tech argues that the Plaintiff waited too late to raise claims of strict liability and breach of implied warranty. The Court agrees.

There are two lines of Fifth Circuit precedent addressing claims raised for the first time in opposition to summary judgment. One line of precedent counsels that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). The other line of authority provides that a claim raised for the first time in response to a motion for summary judgment should be treated as a motion to amend the complaint. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citations omitted).

The allegations of the Amended Complaint [4] fail to provide notice that the Plaintiff seeks recovery from Timber Tech under a theory of strict liability or breach of implied warranty. Thus, these new claims are not properly before the Court pursuant to the Fifth Circuit's ruling in *Cutrera*.

The Fifth Circuit's decision in *Stover* fails to support consideration of Plaintiff's strict liability and breach of implied warranty allegations at this time because good cause has not been shown for amendment of the pleadings. When the deadline to amend pleadings has expired, such as in this case, Rule 16(b) requires that "good cause" be shown before Rule 15(a)'s more liberal standard is applied. *See S&W*

-20-

*Enters., L.L.C. v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).  The

following factors are relevant to a demonstration of good cause:  "1) the explanation for

the failure to move timely for leave to amend; 2) the importance of the amendment; 3)

potential prejudice in allowing the amendment; and 4) the availability of a continuance to

cure such prejudice."  *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221,

227 (5th Cir. 2005) (citing *S&W Enters., L.L.C.*, 315 F.3d at 536).  Plaintiff has offered

no explanation as to why the subject claims were not raised sooner.  Further, Timber

Tech would be unfairly prejudiced if additional claims were allowed at this late stage of

the proceedings.  A continuance would unnecessarily delay proceedings and result in

additional litigation expenses.  On the whole, consideration of Plaintiff's strict liability and

breach of implied warranty claims in opposition to Timber Tech's summary judgment

motion is not supported by good cause.

<u>**CONCLUSION**</u>

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that Timber Tech's Motion to Strike Affidavit

of Burton Webb [39] is granted in part and denied in part, as outlined above.  This ruling

is made without prejudice to Timber Tech's ability to assert objections under the Federal

Rules of Evidence to the trial testimony of Burton Webb.

IT IS FURTHER ORDERED AND ADJUDGED that Timber Tech's Motion for

Judgment on the Pleadings [29] is granted in part and denied in part.  Plaintiff's breach

of contract claim against Timber Tech is dismissed with prejudice.  Plaintiff's negligence

claim remains pending for trial.

SO ORDERED AND ADJUDGED this the 4th day of November, 2013.

-21-

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE